YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
ANDY LEGOLVAN (SB# 292520)
andylegolvan@paulhastings.com
JOSEPH J. RUMPLER, II (SB# 296941)
josephrumpler@paulhastings.com
BERKELEY FIFE (SB# 325293)
berkeleyfife@paulhastings.com
BORIS LUBARSKY (SB# 324896)
borislubarsky@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

Attorneys for Plaintiff
APPLIED MATERIALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC., | CASE NO. 5:20-cv-05676-EJD |
| Plaintiff, | **APPLIED MATERIALS, INC.'S OPPOSITION TO DEMARAY LLC'S ADMINISTRATIVE MOTION TO FILE SUR-REPLY TO APPLIED'S MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| DEMARAY LLC, | |
| Defendant. | |

1    Applied Materials, Inc. ("Applied") submits this Opposition to Demaray LLC's

2    ("Demaray") Administrative Motion for Leave to File a Sur-Reply to Applied's Motion for

3    Preliminary Injunction, Dkt. No. 30 ("Motion").

4    **I.    INTRODUCTION**

5    Demaray's Motion is Demaray's second improper attempt to have "the last word" on

6    Applied's Motion for Preliminary Injunction.  Dkt. No. 14 ("Injunction Motion").  On October

7    16, 2020, Demaray filed objections to allegedly "new" evidence submitted by Applied in its

8    Reply, Dkt. No. 29 ("Objections"), but failed to apply the standard for what is considered "new."

9    Applied's Reply evidence is not "new" because it was submitted in direct response to evidence

10   and arguments raised in Demaray's Opposition. For example, Demaray raised subject-matter

11   jurisdiction for the first time in its Opposition by arguing that Demaray never offered Applied a

12   license.  In direct response, Applied submitted evidence to the contrary.  Demaray now argues

13   that this evidence should have been submitted in Applied's Injunction Motion, ignoring that it

14   was Demaray—not Applied—who first raised subject-matter jurisdiction in its Opposition.

15   Demaray does the same with other Article III arguments, including the nature of its allegations

16   against Applied's customers, and merits based arguments regarding Applied's causes of action,

17   all of which Applied properly responded to in its Reply.  By objecting to Applied's purportedly

18   "new" evidence and separately seeking leave to file a sur-reply, Demaray seeks to have both (1)

19   its arguments and evidence unrebutted and (2) the last word.  Neither is fair or proper under the

20   Court's Local Rules considering the evidence Applied submitted was not "new."

21   As Demaray notes, counsel for the parties conferred, and to avoid burdening the Court

22   with the instant papers, Applied offered to not oppose a limited sur-reply of five pages solely to

23   address the evidence in Applied's Reply (*i.e.*, not a carte blanche to address any issue raised in

24   the Reply).  Demaray declined and proceeded with the instant Motion, presumably because it

25   seeks the last word on every argument and issue addressed in Applied's Reply.[1]  At the same

26   _____

27   [1] Applied asked what Demaray contends to be "new arguments and supporting evidence"

28   warranting a sur-reply, and Demaray effectively responded that the entirety of Applied's Reply

APPLIED'S OPP. TO DEMARAY'S
                                  ADMIN. MOT. FOR SUR-REPLY

time, Demaray refused to allow Applied to file a response to the Objections to explain why the evidence submitted in its Reply was not "new."  Ex. B to Lubarsky Decl.  For the same reasons why a sur-reply is not warranted, the Objections should be overruled.  Briefing on Applied's Injunction Motion is closed and Demaray has not demonstrated why it should be permitted a 10-page sur-reply on whatever it chooses to respond to from Applied's Reply.

## II.    **LEGAL STANDARD**

"Courts may allow evidence first presented in a reply if it 'addresse[s] the same set of facts supplied in [the] opposition to the motion' or when it is 'submitted in direct response to evidence raised in the opposition.' <u>In such circumstances the evidence is not considered 'new.'</u>" *WeRide Corp. v. Kun Huang*, No. 5:18-cv-07233-EJD, 2019 U.S. Dist. LEXIS 22915, at *3–5 (N.D. Cal. Feb. 12, 2019) (Davila, J.) (emphasis added) (quoting *Rayon-Terrell v. Contra Costa Cty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007), and *Advanced Media Networks LLC v. Row 44 Inc.*, 2014 U.S. Dist. LEXIS 156649, at *1 (C.D. Cal. Nov. 4, 2014) (such evidence is "not new")); *see also Laub v. Horbaczewski*, No. CV 17-6210-JAK (KSx), 2020 U.S. Dist. LEXIS 158171, at *3–5 (C.D. Cal. June 24, 2020) (declaration submitted with reply brief "does not present new factual contentions but responds to arguments Plaintiffs raised in their Opposition").

The moving party is permitted to file declarations in support of a reply brief, *see* L.R. 7-3(c) ("Any reply to an opposition may include affidavits or declarations[.]"), and the non-moving party may file objections to such evidence, *see* L.R. 7-3(d)(1). A sur-reply should generally only be permitted if the evidence submitted with the reply brief is considered "new" evidence under the appropriate standard, thus warranting an opportunity to respond; however, if the evidence submitted with the reply brief only responds to evidence and argument made in the opposition brief, there is no basis for a sur-reply.  *WeRide Corp.*, 2019 U.S. Dist. LEXIS 22915, at *3–5;

---

was "new," identifying every issue addressed in the Reply, including "issues of comity and the applicable legal standard for a preliminary injunction."  Ex. A to Lubarsky Decl.  Demaray's position is undermined by the limited objections it filed, which—to the extent the Court permits one—should dictate the bounds of any sur-reply by Demaray.

APPLIED'S OPP. TO DEMARAY'S
ADMIN. MOT. FOR SUR-REPLY

*Yowie North America, Inc. v. Candy Treasure, LLC*, No. 13-CV-1906 BEN (JMA), Dkt. No. 51 at 1–2 (S.D. Cal. Dec. 9, 2013) (denying sur-reply because "a review of the Reply as well as the supporting declarations reveals that the evidence submitted is not new evidence, but rather is responsive to the arguments raised in the opposition brief"); *see also Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2020 U.S. Dist. LEXIS 71185, at *20 (E.D. Cal. Apr. 21, 2020).

### III.    ARGUMENT

Demaray identifies four categories of "new arguments," tracking the allegedly "new" evidence identified in its Objections. *See* Mot. at 1–2. However, Applied properly raised these arguments in its Reply directly in response to the arguments raised in Demaray's Opposition.

**First bullet point: Demaray's offer to license the Asserted Patents.** This is not "new." Demaray first raised subject-matter jurisdiction in its Opposition, including by submitting Mr. Demaray's declaration and asserting that he "never approached Applied about licensing the Demaray patents." Opp. at 5. To respond to this evidence, Applied submitted correspondence with its Reply showing that Mr. Demaray did, in fact, offer to license the Asserted Patents—thus demonstrating Demaray's assertion was false. Reply at 2. This evidence is therefore not "new" because it was submitted in direct response to evidence raised in Demaray's Opposition.[2]

**Second bullet point: The relationship between Applied and its customers.** As explained, Demaray first raised subject-matter jurisdiction in its Opposition, claiming that the customer suits are not accusing Applied or Applied's products, but rather only Samsung and Intel's alleged configurations. Opp. at 5–8. Applied properly responded to that argument with evidence (*e.g.,* declarations) clarifying the reality of the nature of Applied's supply/manufacturing relationship with its customers and what products/services are provided to them with respect to

---

[2] Demaray also incorrectly asserts that Applied bases subject-matter jurisdiction on Demaray's offer to license the Asserted Patents. Not so. The allegations in Demaray's customer suits establish jurisdiction. *See* Reply at 3–6. Applied submitted Demaray's email license offer to correct the record after Demaray represented to the Court that no offer had been made, *id*. at 2, although such evidence lends further support to finding jurisdiction, *id*.

APPLIED'S OPP. TO DEMARAY'S
ADMIN. MOT. FOR SUR-REPLY

the reactors utilized by Applied's customers as alleged in the customer suits.[3] Reply at 5. This evidence was necessary to rebut the new argument in Demaray's Opposition and to establish that subject-matter jurisdiction exists because Demaray's customer suits necessarily include an implied assertion of infringement against Applied. *See id*. at 2–6. This evidence is therefore not new because it addresses the same set of facts supplied in Demaray's Opposition.

**__Third bullet point__: Employment agreement of Mukundan Narasimhan.** This is not "new." Applied's Motion, unlike a traditional preliminary injunction motion, is procedural in nature, and, following Federal Circuit precedent from *Katz v. Lear Siegler, Inc.* 909 F2d 1459 (Fed. Cir. 1990), raises the question of whether this action will resolve "major issues" in Demaray's customer suits. Applied's Motion does not present merits questions of whether Applied or Demaray has a "likelihood of success" on the merits. *See* Mot. at 7; Reply at 7. Therefore, Applied did not have to "prove up" the merits of the underlying claims, but instead properly referred to the contents of the assignment provisions recited in the Amended Complaint, including Mr. Narasimhan's assignment provision. Dkt. No. 13 ¶¶ 25, 29, 31, 36, 40, 41.

In its Opposition, however, Demaray injected the new argument that the Supreme Court in *eBay* made "likelihood of success" relevant to __all__ injunctions, even those that are procedural in nature under *Katz*. *See* Opp. at 10–11, 22–23. Further, Demaray made a lengthy substantive merits argument as to why the assignment provisions are allegedly unlawful. Opp. at 11–14. While Applied disagrees that the merits should be addressed in its Motion, and believes that alleging the contents of the assignment provisions is sufficient, Applied submitted an exemplar agreement with its Reply out of an abundance of caution to respond to the merits arguments in Demaray's Opposition. Reply at 12. The assignment agreement therefore is not "new" because the primary provisions were already known (they were alleged in Applied's Amended Complaint) and because it addresses the same set of facts supplied in Demaray's Opposition.

---

[3] Not surprisingly, Demaray has refused to provide its infringement contentions against Samsung and Intel to Applied or the Court to assess the veracity of Demaray's claims that the customer suits are directed to the customers' "alleged configurations." Ex. C to Lubarsky Decl.

APPLIED'S OPP. TO DEMARAY'S
ADMIN. MOT. FOR SUR-REPLY

**Fourth bullet point: Location of relevant Samsung and Intel activities**. Applied argued it was more convenient to litigate in this District because of Demaray, Applied, Intel, and Samsung's significant presence in this District. Mot. at 18. Demaray countered by identifying Applied, Intel, and Samsung's Austin facilities, suggesting that relevant evidence and witnesses are located there. Opp. at 24 (citing online sources). Applied properly responded with evidence (declarations) clarifying where the relevant activities take place (and thus, where the relevant evidence and witnesses are located). Reply at 14. This evidence is therefore not "new" because it were submitted in direct response to evidence raised in Demaray's Opposition.[4]

## IV.    CONCLUSION

The evidence and arguments Demaray identifies as "new" was only raised to respond to evidence and argument that Demaray injected into the proceedings in its Opposition. Applied properly responded in its Reply, including with rebuttal evidence. Under such circumstances, there is no basis for a sur-reply.  But, to the extent a sur-reply is permitted, Applied submits that a 10-page brief is excessive and that appropriate limitations should be imposed: (1) limited to five pages, (2) limited only to responding to evidence submitted with the Reply (*i.e.*, not carte blanche to respond to any issue raised in the Reply), and (3) filed with sufficient time to preserve the November 12, 2020 hearing date.  Moreover, Demaray's Objections should be overruled.

---

[4] Demaray makes a form-over-substance numerosity argument regarding the "seven new fact declarations," Mot. at 1, but fails to note the number of declarations required was, in part, due to Demaray's decision to sue indiscriminately four separate Samsung entities, requiring agreement from each of the four Samsung entities (plus Intel) to be bound by the result of this action. Reply at 9. Demaray also suggests Applied added "three additional, brand-new declarations," Mot. at 1, with a corrected Reply. The declarations were cited in Applied's original Reply, but were inadvertently omitted from the actual filing due to a clerical error.  Applied promptly informed Demaray and, per the clerk's instructions, filed a "corrected" Reply (with no changes) with the inadvertently omitted declarations.

APPLIED'S OPP. TO DEMARAY'S
ADMIN. MOT. FOR SUR-REPLY

1   DATED:  October 23, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YAR R. CHAIKOVSKY
PAUL HASTINGS LLP


By: */s/ Yar R. Chaikovsky*
               YAR R. CHAIKOVSKY

Attorneys for Plaintiff
APPLIED MATERIALS