UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br>　　　　Plaintiff,<br>　v.<br>DEMARAY LLC,<br>　　　　Defendant. | Case No. 5:20-cv-05676-EJD<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Re: Dkt. No. 30 |

Before the Court is Defendant Demaray LLC's ("Demaray") Administrative Motion for Leave to File Sur-Reply. *See* Dkt. No. 30. Demaray seeks leave to file a response to Plaintiff Applied Materials, Inc.'s ("Applied") Reply in Support of the Motion for Preliminary Injunction, ("Reply"), arguing that Applied presented new evidence in its Reply brief. Applied opposes the motion. *See* Applied Materials, Inc.'s Opposition to Demaray LLC's Administrative Motion to File Sur-Reply to Applied's Motion for Preliminary Injunction ("Opp."), Dkt. No. 31. For the reasons discussed below, the motion is **DENIED**.

**I.　BACKGROUND**

The instant dispute concerns Demaray's claim that Applied has raised new arguments related to additional evidence attached to its Reply brief that was not included in the moving papers. Demaray identifies the following four categories of new arguments:

- "'Applied now contends that declaratory judgment subject matter jurisdiction is present based upon an email in which Demaray approached Applied to license certain Demaray patents. Reply at 2-3.'
- 'Applied now provides new facts regarding the relationship between Applied and

Case No.: 5:20-cv-05676-EJD
ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY
1

its customers. Reply at 4-5.'

- 'Applied now contends that [Mukundan] Narasimhan's employment agreement applies to patent assignments, despite never informing the Court that these provisions had been declared unlawful or presenting the Court with said agreement. Reply at 12-13.'

- 'Applied now provides new facts regarding the activities of the Samsung and Intel defendants in the earlier-filed Texas cases. Reply at 14-15.'"

## II. DISCUSSION

Applied argues that it "properly raised these arguments in its Reply directly in response to the arguments raised in Demaray's Opposition." Opp. at 3. "Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alteration and citation omitted). However, evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur–Reply is hereby DENIED. . . Mentor does not "[raise new arguments and evidence] . . . in its reply brief" . . . but, rather, responds to arguments made in Synopsys's opposition").

Having considered the parties' briefing on Applied's Motion for Preliminary Injunction, the Court finds that the arguments raised in Applied's Reply brief do not present new information, but respond to arguments raised in Demaray's Opposition. Specifically, Applied does not present new factual contentions about Demaray's offer to license the asserted patents and the relationship between Applied and its customers, but instead responds to Demaray's argument regarding whether the Court has subject matter jurisdiction over this case. Moreover, in its Opposition, Demaray argued assignment provisions in licensing/employment agreements referenced in Applied's Motion for Preliminary Injunction are unlawful and that Applied is estopped from litigating claims addressing these claims given prior court rulings. Opposition to Applied

Case No.: 5:20-cv-05676-EJD
ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY
2

Materials' Motion for Preliminary Injunction at 11-14.  In its Reply brief, Applied responds to the arguments raised in Demaray's Opposition and introduces the full employment agreement at issue as evidence.  Thus, contrary to Demaray's assertions, Applied's Reply does not raise the employment agreement as new evidence for the first time in the Reply.  Similarly, the Court finds that Demaray's discussion of the location of relevant customer activities responded to evidence in Demaray's Opposition used to argue that it is more convenient to litigate this matter in the Western District of Texas.  Accordingly, no sur-reply is warranted on these issues.

### III.  CONCLUSION

For the reasons stated above, Demaray's Administrative Motion for Leave to File Sur-Reply is **DENIED**

**IT IS SO ORDERED.**

Dated: December 16, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05676-EJD
ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY
3